IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Amy M. Gilbert, et al.,                  Case No. 3:11 CV 2097

               Plaintiffs,           MEMORANDUM OPINION
                                                                AND ORDER
       -vs-
                                                                 JUDGE JACK ZOUHARY

St. Rita's Professional Services, LLC, et al.,

               Defendants.

        This Court previously granted, in part, Defendants' Motion to Dismiss (Doc. 12), dismissing Count II of the First Amended Complaint ("Complaint") with respect to Plaintiffs Gilbert and Haught for failure to state a claim for which relief can be granted (Doc. 19). Now pending before this Court is Defendants' Motion for Judgment on the Pleadings (Doc. 16), which seeks judgment under Counts III (Ohio whistleblower retaliation) and IV (wrongful termination) of the Complaint. According to Defendants, Plaintiffs omitted "critical jurisdictional prerequisites under O.R.C. § 4113.52" entitling Defendants to judgment under Federal Civil Rule 12(c). Plaintiffs contend Defendants' Motion should be denied because the Complaint contains multiple allegations that, if proven, entitle them to relief (Doc. 20). The facts of this case were set forth in this Court's prior Memorandum Opinion (Doc. 19 at 2–6), and are incorporated by reference in this Opinion.

        Under Federal Civil Rule 12(c), a party may move for judgment on the pleadings any time after the pleadings are closed but early enough not to delay trial. The standard of review for "judgment on the pleadings is the same as that for a motion to dismiss" under Federal Civil Rule 12(b)(6). *Monroe Retail, Inc. v. RBS Citizens, N.A.*, 589 F.3d 274, 279 (6th Cir. 2009). Therefore,

this Court will analyze Defendants' Motion under the same standard it used to analyze Defendants' prior Motion to Dismiss. *See Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

In scrutinizing the Complaint under Rule 12(b)(6), this Court is required to accept all well-pleaded factual allegations as true and construe the Complaint in the light most favorable to Plaintiffs. *See Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir. 2007). Although the Complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the Complaint can survive Defendants' Motion if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). And, "[a] claim has facial plausibility [if Plaintiffs] plead[] factual content that allows the court to draw the reasonable inference that [Defendants are] liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949).

Defendants' sole argument in support of their Motion is that the Complaint omits two specific statutory prerequisites for a whistleblower violation under R.C. § 4113.52: (1) the submission of a written report; and (2) allegations of a violation of criminal law. Defendants argue this failure defeats both the whistleblower claim (Count III) and the wrongful discharge claim (Count IV) (Doc. 16 at 4–5) (citing *Siemaszko v. First Energy Nuclear Operating Co.*, 187 Ohio App. 3d 437, 443 (Ohio Ct. App. 2010)).

2

The relevant part of R.C. § 4113.52(A)(1)(a) states:

If an employee becomes aware in the course of the employee's employment of a violation of any state or federal statute or any ordinance or regulation of a political subdivision that the employee's employer has authority to correct, and the employee reasonably believes that the violation is a criminal offense that is likely to cause an imminent risk of physical harm to persons or a hazard to public health or safety , a felony, or an improper solicitation for a contribution, the employee orally shall notify the employee's supervisor or other responsible officer of the employee's employer of the violation and subsequently shall file with that supervisor or officer a written report that provides sufficient detail to identify and describe the violation.

Defendants correctly note that Ohio courts require strict compliance with the whistleblower statute. Indeed, the Ohio Supreme Court emphasized that Section 4113.52 "mandates that the employer be informed of the violation both orally and in writing," and "[a]n employee who fails to provide the employer with the required oral notification and written reports is not entitled to statutory protection for reporting information to outside authorities." *Contreras v. Ferro Corp.*, 73 Ohio St. 3d 244, 248 (1995). The goal of the statute, of course, is to provide sufficient detail to the employer so the violation can be identified and corrected. *Id.*

In this case, Plaintiffs allege "reporting Defendants' illegal and unlawful accounting write offs," arguing that such reporting resulted in the firing of Gilbert and the constructive discharge of Kirby and Haught (Doc. 9 at 17–18). While the Complaint does not specifically allege a *written* report, it is replete with allegations of Gilbert's "multiple reports" or "repeated inquiries" to management regarding the alleged illegalities of Defendants' billing practices. *See e.g.*, Doc. 9 at ¶¶ 74, 80, 83, 84, 108, 109, 116 & 126. Whether these reports were oral, written, or a combination of both, is left unspecified in the Complaint. According to Defendants, this is fatal to Plaintiffs claims. However, this Court must construe all allegations in the light most favorable to Plaintiffs in determining whether the Complaint contains sufficient facts, accepted as true, that allow this Court

"to draw the reasonable inference that [Defendants are] liable for the misconduct alleged." *Hensley Mfg.*, 579 F.3d at 609 (quoting *Iqbal*, 556 U.S. at 678). In doing so, this Court believes Plaintiffs have alleged sufficient facts to survive at this stage.

Furthermore, and contrary to Defendants' assertions, Plaintiffs do allege a reasonable belief that Defendants were engaged in *criminal* -- as opposed to *unlawful* -- conduct. Paragraph 74 of the Complaint clearly alleges that Gilbert investigated "illegal and criminal discrepancies of the account receivables, billing, and accounting practices" (Doc. 9 at 16). Additionally, allegations that Defendants' actions were both "illegal and unlawful" are legion. *See e.g.*, Doc. 9 at ¶¶ 42, 45, 48, 49, 73, 74, 80, 84, & 85. Defendants' argument that Plaintiffs "conveniently omitted" allegations of a violation of criminal law is unpersuasive.

Whether Plaintiffs in fact complied with the procedural mandates of Ohio's whistleblower statute as enunciated by the Ohio Supreme Court in *Contreras* is a question better addressed, if appropriate, on summary judgment. For now and only for now, this Court is convinced that Plaintiffs allegations in support of Counts III and IV have nudged "the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Accordingly, Defendants' Motion is denied.

IT IS SO ORDERED.

                                                  s/ *Jack Zouhary*
                                                  JACK ZOUHARY
                                                  U. S. DISTRICT JUDGE

July 2, 2012